H. S. & M. W. SNYDER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36686. Promulgated July 25, 1932.

J. G. Korner, Jr., Esq., for the petitioner.
J. M. Leinenkugel, Esq., for the respondent.

## OPINION.

SMITH: The respondent determined the petitioner's income-tax liability for 1925 upon the basis of a separate return for the period January 1 to June 30, 1925, and a consolidated return for the period July 1 to December 31, 1925, asserting a deficiency of $5,093.24 for the latter period.

The stipulated facts and pleadings show that the petitioner, a Massachusetts corporation, was not affiliated with any other corporation prior to July 3, 1925, when the Export Trading Company was organized and affiliated with it. The petitioner sustained a net loss for the taxable year 1923 of $152,328.11, which it seeks to apply against its net income for 1925 (its 1924 net income being offset by its 1922 net loss). For the calendar year 1925, the petitioner and the Export Trading Company duly filed a consolidated return, which, before the deduction of any portion of the petitioner's 1923 net loss, showed a net income of $78,357.54, against which was applied the petitioner's 1923 net loss of $152,328.11, leaving $73,970.57 of that net loss unabsorbed. Amended separate returns were subsequently filed for each corporation for the calendar year 1925. In its separate return, the petitioner reported a net income of $78,608.06, against which was applied its 1923 net loss of $152,328.11, leaving $73,720.05 of that net loss unabsorbed; the Export Trading Company's separate return for the period July 3 to December 31, 1925, showed a net loss in the amount of $250.52. On January 7, 1928, the petitioner filed two amended returns, one of which covered the period from January 1 to June 30, 1925, and showed a net income of $47,810.40, against which was applied its 1923 net loss of $152,328.11, leaving $104,517.71 of that net loss unabsorbed; the other, a consolidated return for itself and the Export Trading Company covering the period from July 1 to December 31, 1925, showed consolidated net income of $30,547.34, against which was applied the portion ($104,517.71) of petitioner's 1923 net loss not absorbed by its net income for the period January 1 to June 30, 1925.

In his determination for the period July 1 to December 31, 1925, the respondent has disallowed the deduction of any portion of the net loss sustained by the petitioner for the year 1923. The respondent's determination is based upon the first return filed covering the operations of the petitioner and its affiliate for the calendar year 1925. That return showed a loss, after the deduction of the petitioner's 1923 net loss of $152,328.11, of $73,970.57. The respondent has taken the difference between these two amounts, or $78,357.54, as the net income of the petitioner and its affiliate for the calendar year 1925, and allocated one-half of this sum, or $39,178.77, to the period July 1 to December 31, 1925, as the net income of the petitioner and its affiliate for that period. The petitioner contends that it is entitled to have its net income for the entire calendar year 1925 offset by its 1923 net loss.

Our problem is to determine this petitioner's "next succeeding taxable year" with relation to its taxable year 1923. Section 206 (e) and (b) of the Revenue Act of 1926. The petitioner contends that

it is the calendar year 1925, whereas the respondent contends that it is the period January 1 to June 30, 1925.

The stipulation shows that the Export Trading Company had no existence prior to July 3, 1925, when it was organized and affiliated with the petitioner corporation. There was no period prior to affiliation for which the Export Trading Company could have filed a separate return, as contemplated by article 634 of Regulations 65 and 69, and this fact distinguishes the instant proceeding from those cases where corporations having a separate existence prior to affiliation within the taxable year were required to file separate returns for such preaffiliation period. See *American La Dentelle, Inc.,* 1 B. T. A. 575; *American Steel Co.,* 7 B. T. A. 641; *Tolerton & Warfield Co.,* 23 B. T. A. 892; *Fidelity Nat. Bank & Trust Co.* v. *Commissioner,* 39 Fed. (2d) 58; *Lucas* v. *St. Louis National Baseball Club,* 42 Fed. (2d) 984.

The respondent argues that the period in 1925 prior to the organization of the Export Trading Company should be treated as a " taxable year," for which the petitioner filed an amended separate return, since such a period is within the purview of section 200 (a) of the Revenue Act of 1926, which is as follows:

The term " taxable year " means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term " fiscal year " means an accounting period of twelve months ending on the last day of any month other than December. *The term " taxable year " includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made.* The first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925.

The italicized sentence appeared in this section of the Revenue Act of 1924 for the first time, and was inserted for the purpose of extending the benefits of the " net loss " and other sections of the law " to taxpayers who are required by law to make a return for a fractional part of a year." See Ways and Means Committee Report No. 179, and Senate Finance Committee Report No. 398, 68th Cong. 1st sess.

Section 212 (b) of the Revenue Act of 1926 declares in plain mandatory language that " net income shall be computed upon the basis of the taxpayer's annual accounting period." The record supports the petitioner's contention that its accounting period was the calendar year, that it filed returns on that basis, and that the consolidated return which it filed for the entire year 1925 was the required return, citing *F. A. Hall Co.,* 3 B. T. A. 1172; *Kellogg Commission Co.,* 6 B. T. A. 771; *Fibre Container Co.,* 9 B. T. A. 575; *Lancaster Lens Co.,* 10 B. T. A. 1153, 1155, and cases cited; and

*Colmer-Green Lumber Co.*, 12 B. T. A. 256. Those decisions support the petitioner's contention.

In *Margay Oil Corporation*, 26 B. T. A. 199, we discussed prior decisions (*Automatic Fire Alarm Co.*, 13 B. T. A. 1195; *Hutt Contracting Co.*, 17 B. T. A. 818; *Summerfield Co.*, 24 B. T. A. 829; and *American Paper Exports, Inc.* v. *Bowers*, 54 Fed. (2d) 508), respecting the returns to be filed by corporations that became affiliated during the year. In that case we pointed out the necessity of separate returns where the corporations had been in existence prior to affiliation, and the sufficiency of a single consolidated return for the full year of the parent or principal corporation in which is included the income of the subsidiary or affiliate corporation for the period of its existence during that year. In holding that the respondent had erroneously divided the year 1925 into two taxable periods, we said:

> In the present case the petitioner's subsidiary had no separate existence for tax purposes in 1925 and there was no occasion for the filing of a separate return. The petitioner operated throughout the year and the filing of a consolidated return by it was proper under the cases above cited. Consequently, as to petitioner, there was no fractional part of a year which could be taken to be a " taxable year " under section 200 (a) of the Revenue Acts of 1924 and 1926. In relation to the year 1924, petitioner's " succeeding taxable year " was the calendar year 1925, and the " next succeeding taxable year " was the calendar year 1926. We accordingly hold that respondent erred in refusing to allow the 1924 net loss as a deduction in computing net income for 1926. * * *

The organization of the subsidiary corporation (Export Trading Company) and its affiliation with the petitioner did not change the petitioner's taxable year. *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436, 438; *American-Hawaiian S. S. Co.* v. *United States*, 46 Fed. (2d) 592; *American Paper Exports, Inc.*, v. *Bowers, supra.* Furthermore, the affiliation neither deprived this petitioner of its personal privilege, nor diminished that privilege, of offsetting the gains of the two succeeding taxable years by its 1923 net loss. *Woolford Realty Co.* v. *Rose*, 53 Fed. (2d) 821; affd., 286 U. S. 319. In that case, the Circuit Court of Appeals for the Fifth Circuit said:

> * * * This personal privilege, extended to the individual taxpayer to palliate the rigidity of the annual system of taxation, and to spread over the two succeeding years for the purpose of deduction in them from the net income which the taxpayer might make in those years, losses which, though not all actually accruing in the one year, were perhaps the foundation of the income of the following years, * * * should be given the full effect intended. * * *

The instant proceeding involves neither a change in the taxpayer's taxable year from a calendar to a fiscal year basis (or vice versa), necessitating a return for a short period within the year (see *Strain*

*Brothers, Inc.,* 19 B. T. A. 601; *Pennsylvania Electric Steel Casting Co.,* 20 B. T. A. 602), nor the affiliation of two preexisting corporations, each of which would be required to file separate returns for the preaffiliation period within the year. (See cases cited, *supra,* on this point, and compare *A. S. Siracusa Sons, Inc.,* 23 B. T. A. 53).

There being no period in 1925 for which the Export Trading Company could have filed a separate return, or for which the petitioner should have filed a separate return, and the two corporations having filed the required return for 1925 upon a consolidated basis (*Margay Oil Corporation, supra*), with relation to the year 1923, this petitioner's "succeeding taxable year" was the calendar year 1924 and its "next succeeding taxable year" was the calendar year 1925. It appearing that the petitioner's unabsorbed net loss for 1923 exceeded its net income for 1925, it follows that petitioner had no taxable net income in 1925.

*Judgment of no deficiency will be entered.*